May it please the court, my name is Mike Scott and I'm here on behalf of Leonard Griffin under a 28 U.S.C. 2255 petition that was filed originally in the district court but sent to this court as it was the second or subsequent petition. This court gave a certificate of appealability allowing Mr. Griffin to bring his motion under United States v. Johnson in the district court and looking simply at the question of whether aggravated assault under the Mississippi statute constituted a crime of violence for purposes of armed career criminal, the Armed career criminal act giving him a mandatory minimum of 15 years. At the time of the filing of his first pro se in our supplemental briefing when it entered our appearance we also contested whether or not Mississippi's simple robbery, it's under to a strong armed robbery was a crime of violence that was briefed in the lower court however because the court allowing the subsequent 2255 to go forward only on the aggravated assault we only went forward on that for the appeal reserving our right to bring up the strong armed robbery at a later date. Mr. Griffin was indicted as the court is aware in July 11, 2007 for an incident that occurred on March 25, 2007. He pled guilty, as I said his three priors that made him armed career criminal were strong armed robbery, two counts and one count of simple assault. He appealed that case and that was denied based on his appellate waiver. He filed a 2255 later on also denied because of an appellate waiver. When the case came before the court and I bring this up in anticipation of the government, when this case came up before the court, the district court, Judge Lee and this court, the Fifth Circuit allowed him to go forward, the government waived its right to bring up the appellate waiver by not bringing it up in the district court and that is supported by the court, by the government's own case which they cite, United States vs. Wies, W-I-E-S-E. In that footnote it says the government forfeited in that case, the appellate waiver when it was not brought up in the court below. That is supported also by the fact that the two times prior the government had brought up the appellate waiver but this time did not. Additionally the court, the district court, the government has brought up appellate waivers in the past, not just generally in the Southern District of Mississippi but specifically in Judge Lee's court where this case originated. So, in this case the government has waived any mentioning or any, in our position, is any claim of the appellate waiver in this case. Under United States vs. Johnson, as the court is aware, the residual clause of the Armed Career Criminal Act was found to be void for vagueness and violate the Constitution's inherent limitation on vague laws. The statute of . . . Getting to this issue of whether the offense is a crime of violence, how do you deal with our recent en banc decision that's really expanded what qualifies as a crime of violence, the Reyes-Contreras decision? Your Honor, in that decision the court looked at United States vs. Voisin and United States vs. Castleman. Both those cases dealt, Castleman and Voisin, dealt specifically with 921A33, I believe, which is misdemeanor domestic violence. In the en banc decision it was looking at the crime of violence under the guidelines which under . . . for purposes of legal reentry. It is our position that Voisin and Castleman specifically go to the misdemeanor crime of violence. In both cases specifically . . . Does the Reyes-Contreras say no, it's not limited to that? It does, Your Honor. Let me ask it another way. Tell us why aggravated assault in Mississippi is not a crime of violence. What takes it outside that definition? Your Honor, there's many ways it can be done, not even just hypotheticals. I know that Vargas Duran has been overruled by Contreras-Reyes. However, the specific Mississippi assault statute says attempts to cause serious bodily injury to another or causes such injury purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life or attempts to cause or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce serious bodily harm. In the case below, in the district court, in getting to the answer to your question, the court only looked at the elements. It did not make a decision on which of these two it was looking at to determine which one of these are. We contend that both can be committed by simply using something that does not constitute violent action, as that case is decided by Curtis Johnson, the 2010 Supreme Court case, or defined by Ashcroft v. Leaco. Under Contreras-Reyes, the court was looking at the guidelines, not specifically the Armed Career Criminal Act, and so it is our position that those two are different, that the bodily injury required for, or the action required for the Armed Career Criminal Act is violent force, as that is defined by Curtis Johnson in United States v. Curtis Johnson. Had the Supreme Court wished to overrule Curtis Johnson, or even Leaco, in either Voisin or Castleman, they could have specifically done that, however they didn't. And so those are still viable Supreme Court precedent for defining violent felony. And so that Contreras-Reyes is with the guidelines, we are pursuing it under the Armed Career Criminal Act and not the guidelines. And so it is our position that the least culpable act that could violate the Mississippi Aggravated Assault Statute does not require the violent force required by Curtis Johnson. And that is our position, the position we have taken in our brief. Your Honor, I think we've laid out our position fairly easily, fairly thoroughly in our brief. I will defer my time for any response or any questions if the Court has them, otherwise I will defer to rebuttal. Good morning, Your Honor. It's Gaines Cleveland for the government. The question certified for appeal is whether the Mississippi Aggravated Assault Statute constitutes a violent felony after the Supreme Court invalidated the residual clause in Johnson. Whatever doubts there may have been about the Mississippi offense counting under the elements clause were removed by this Court's en banc decision in Reyes-Contreras that overruled Villegas-Hernandez on which Griffin's appeal is based. Reyes-Contreras answers the question. Reyes-Contreras was not an armed criminal act case. That's right, but it still nevertheless answers the questions that Griffin has raised about the Mississippi statute. It abolished the distinction between direct and indirect force, Your Honors. So, too, the distinction between causing injury and using direct force. It also referred to the Voisin decision of the Supreme Court that held that reckless conduct can constitute the use of physical force. The Mississippi statute that's at issue tracks exactly the model penal code that this Court had said is the primary source for comparing corresponding elements for the purpose of Section 924E. A comparison of the elements of the Mississippi statute with the generic crime found in the penal code supports that it does constitute a crime of violence under the elements clause. Reyes-Contreras was the basis for this Court's 2019 ruling in United States v. Liddell that Mississippi aggravated assault does qualify. That is an opinion that Mr. Scott pointed out is unpublished, but it is the Court's persuasive authority on the subject. Judge Costa may find that opinion persuasive because he was a member of the panel that decided that case. Both Reyes-Contreras were addressed in the government's Rule 28J letter from September. Griffin's answer to our 28J letter is that the statute can be violated by using no forceful means at all. But this is at odds with Reyes-Contreras, which looked to the Supreme Court's Castleman opinion, which said it's impossible to cause bodily injury without applying force in the common law sense. Castleman said that causing bodily injury necessarily involves the use of force. Griffin has shown no realistic possibility that the state would apply the statute to conduct that falls outside of the generic definition of the crime. Griffin can't show any likelihood of his Mississippi aggravated assault conviction that that was counted based on the residual clause. Our September 28J letter cites this Court's opinion in the United States v. Clay that a prisoner like Griffin, who is bringing a successive 2255 petition, must show that it is more likely than not that the sentencing judge relied on the residual clause. Here we have Judge Lee, the district judge, says, I did. That's right. And the original sentencing transcripts, it's a little hard to know exactly. It does say we're focused here on the residuals. So, I mean, what better evidence than the judge who did the sentencing saying this is what I relied on back then? Well, the only contested issue was with respect to the armed robbery convictions. And in fact, there's language that the judge considered that under the—there's language in the addendum to the precincts report that was set up as being analyzed under the elements clause. But he said, I mean, it just seems these cases usually we have to guess. We're trying to guess what 10 years ago, what clause did the district judge relied on? Who knows? There's all these different arguments being made. I mean, what better evidence than the judge who did the sentencing? Well, it certainly qualifies under the elements clause. And I think this Court's entitled to take that into account. And that's really what our position— Well, right. I mean, even if he relied on the residual clause back then, it's still—if it still qualifies under the elements, you win. I mean, I don't think— That's exactly our position, Your Honor. Exactly. So there would have been—there was no need for the judge to rely on the residual clause because the elements clause was available. And as to the waiver issue in pleading guilty, this defendant knew that he could be sentenced to a minimum of 15 years if the government satisfied the district court that he had three prior violent felonies. Griffin nonetheless agreed to waive his right to appeal on any ground whatsoever, as well as the right to contest his conviction and sentencing in any post-conviction proceeding. This is an unlimited waiver with no reservations. Based on this language, this Court dismissed the original appeal, holding that the appeal was barred by the plain language of the waiver. This Court was satisfied that his waiver was knowing and voluntary, as was the district court in denying his initial 2255 petition. This Court has upheld similar waivers in the context of ACCA appeals. Our Rule 28—28J letter cites this Court's opinion in Kelly and the unpublished 2019 Byrne opinion addressing this very waiver provision. Your Honor, because Griffin knowingly waived appeal after having been warned of the fair sentencing consequence that he ultimately received, this Court should enforce the appeal waiver. And I do direct the Court to the—to the 28J letter from September that really does capsulize our position. May it please the Court, as Judge Costa correctly notes, the judge's decision as regards to the aggravated assault conviction was based on Beckwith v. United States, a Northern He applied, meaning the district judge in the Northern District. He employed the categorical approach to conclude that Mississippi's aggravated assault statute satisfied the residual clause set out in Guideline 4B1.2. Again, it is our position that it was a residual clause that played a part on the aggravated assault. Under Contreras—Reyes-Contreras, we're looking at misdemeanor domestic violence under Castleman v. Voisin. And so the physical force that was required and was set out in Castleman included just simply squeezing someone's arm under the common law and constituting a bruise. Now, it would be sufficient to deny someone a weapon under the—or deny them the ability to possess a weapon. The—in the Liddell case, although the government cites it as most persuasive, it is unpublished. It also is a per curiam opinion of our—or not a per curiam opinion, but it's a—does not discuss the elements of the aggravated assault or any other aspect of that. What Mississippi case has construed this statute, and it's divisible, to be a nonviolent felony? Your Honor, no one has looked at it in the Mississippi state as far as a nonviolent that I'm aware of. It has construed it in other cases in actions such as throwing a liquid on someone, which again does not meet the Curtis Johnson definition of violent force used to cause an injury. So that—there are those cases out there. Also, there's another case where a noose was simply placed around someone's neck. There's no evidence that it was tightened or anything else, I believe. But those are—no violence was done specifically in throwing liquids on someone else. As to the Clay case, in Clay, footnote one, as I stated earlier, says that the government must invoke an appeal waiver to enforce it, and they had not done so in that case, simply as they have not done so in this case. And in that case, it would not allow—and additionally, the court—the government cites the Burns case. However, the Burns case, this court enforced the appeal waiver because the district court dismissed the—Mr. Burns' petition prior to the government ever responding. The difference in this case is this court issued a certificate of appealability or allowed him to go forward on the second or subsequent 2255, put the issue out there as to what the court wished to see, and the government never brought up the issue of the appeal waiver. And as I said, the court knows well—or the government knows well that even in Judge Lee's courtroom in United States v. Christopher Lamont Tarrio, 308 CR1, Judge Lee case, just as this is, they brought out the appeal waiver, and that was their main issue in their response to the 2255, arguing that the appeal waiver had been filed and they should not have any kind of relief based on that appeal waiver. They simply did not do it here. Your Honors, I have nothing further to add. Unless there are any questions from the court, I will return my time back. Thank you.